UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

615 BUILDING COMPANY LLC,

                          Plaintiff,

           -against-

ANDREW RUDNICK,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

13 Civ. 215 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

Plaintiff 615 Building Company LLC brought this action against Defendant Andrew Rudnick for breach of contract. Plaintiff alleges that the Defendant personally guaranteed to Plaintiff "the full and prompt payment of rent" for a certain tenancy, "including, but not limited to, the fixed annual rent, additional rent and any and all other sums and charges, payable by [the t]enant." (Compl. ¶¶ 10-11, ECF No. 1; *see* Pl.'s Mem. Exs. D & F, ECF No. 14.) Upon the tenant's continuing failure to pay rent, Plaintiff secured a judgment against the tenant and subsequently proceeded against the Defendant for contract damages and attorneys' fees. (*See* Compl. ¶¶ 13-16, 25-41.) On July 8, 2013, this Court entered default judgment for Plaintiff against Defendant, the Defendant having never responded to the Summons and Complaint. (ECF No. 10.) This Court then referred the case to Magistrate Judge Ronald L. Ellis for an inquest on damages. Magistrate Judge Ellis issued a Report and Recommendation ("Report") recommending an award to Plaintiff of $846,054.91 in damages and $24,196.17 in attorneys' fees and costs. (ECF No. 21.)

Relevant Facts

Plaintiff is the landlord of a building located at 800-B Fifth Avenue, New York, New York, the lease of which was guaranteed by Defendant. (Pl.'s Mem. ¶¶ 10, 13-14.) Pursuant to a June 2010 amendment to the lease agreement, the annual rent was $561,103.20 (or $46,758.60 per month), plus adjustments in accordance with the Consumer Price Index ("CPI"). (*Id.* Ex. E ¶ 3.) Upon the tenant's default in the payment of rent, and with 10 days' written notice, the lease provided that Plaintiff could "re-enter the demised premises[,] . . . dispossess [the t]enant by summary proceedings or otherwise, . . . and hold the premises as if this lease had not been made." (*Id.* Ex. A ¶ 17.) On January 20, 2014, Plaintiff re-let the premises to Manhattan Orthopedic & Sports Medicine Group, PC ("Manhattan Orthopedic") on a short-term basis (until January 19, 2015) for a fee of $50,000 per month. (Pl.'s October 8, 2014 Letter at 2, ECF No. 20.)

Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a

Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 13-14; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)). No party objected to the Report. This Court adopts the analysis recommended in Magistrate Judge Ellis's Report in part, and awards the Plaintiff **$886,669.40**[1] in damages and **$24,196.17** in attorneys' fees and costs.

<u>Contract Damages</u>

Magistrate Judge Ellis recommended that the Plaintiff receive $610,687.46 for arrears from July 1, 2011 through September 30, 2013. (Report at 7; *see* Pl.'s Mem. Ex. K.) This amount includes rent at a fixed rate of $46,758.60 per month from July 1, 2011 through September 30, 2013 ($1,262,482.20); CPI adjustments over these twenty-seven months ($66,002.03); legal fees incurred to litigate against the defaulting tenant ($8,030.20); costs incurred to remove trash and/or abandoned items from the premises ($3,816.79); minus credits consisting of the tenant's security deposit (-$174,705.20) and the tenant's payments in varying amounts from July 1, 2011 through July 30, 2012 (-$602,305.02). (*Id.*) Totaling these amounts, this Court finds that Plaintiff is entitled to recover **$563,321** in arrears:

| | |
|---|---:|
| Rent | $1,262,482.20 |
| Consumer Price Index | $66,002.03 |
| Legal | $8,030.20 |
| Rubbish | $3,816.79 |
| Credits | ($174,705.20) |
| Payments | ($602,305.02) |
| Total | $563,321 |

---

[1] This number reflects a recalculation of Plaintiff's damages given: (i) an initial computational error in the Report relating to the arrears; (ii) adjustments to the liquidated damages award (adding an award of expenses incurred in order to re-let the premises and using the appropriate pro-rated amount for rent); and (iii) the use of a different base number to determine prejudgment interest.

Plaintiff also seeks liquidated damages under the terms of the lease for "the rent and additional rent that would have become due . . . for the balance of the Lease term ending on October 31, 2015, totaling $1,248,279.25." (Pl.'s Supp. Mem. ¶ 86, ECF No. 18; *see* Pl.'s Mem. Ex. K.) Magistrate Judge Ellis properly determined that Plaintiff's decision to re-let the premises to Manhattan Orthopedic beginning on January 20, 2014 released the tenant—and therefore the Defendant—from liability for rent after this date.[2] (*See* Report at 8); *see also Holy Props. Ltd., L.P. v. Kenneth Cole Prods., Inc.*, 87 N.Y.2d 130, 134 (1995) (emphasis added) (noting that a landlord "could accept the tenant's surrender, reenter the premises and relet them for its own account *thereby releasing the tenant from further liability for rent*").

However, Magistrate Judge Ellis did not recommend that Plaintiff be reimbursed for the costs incurred to re-let the premises. (*See* Report at 8.) In New York, although a landlord's decision to re-enter and re-let the premises releases the tenant from further liability for rent, "[t]ermination of the lease in that manner . . . does not relieve defendants of liability incurred prior to the surrender, and thus, defendants are liable for the accrued rent and other sums under the lease, including reletting costs and attorney's fees." *See Nicholas A. Cutaia, Inc. v. Buyer's Bazaar, Inc.*, 637 N.Y.S.2d 857, 859 (4th Dep't 1996). Magistrate Judge Ellis further included the date of January 20, 2014 in the calculation of prorated rent due, even though Manhattan Orthopedic's tenancy began on this date. (*See* Report at 8 n.7; Pl.'s October 8, 2014 Letter at 2.) Defendant is therefore liable for liquidated damages from October 1, 2013 through January 19,

---

[2] In August 2014, Plaintiff also entered into a longer-term lease agreement with another subsequent tenant. (*See* Pl.'s October 8, 2014 Letter at 2 (explaining the terms of the lease with FIFTHCNYC LLC).)

2014 in the amount of $180,396.49[3], plus $87,030.59[4] for the expenses Plaintiff incurred during this time period to keep the premises in good order and prepare for their re-letting.[5] As a result, the Plaintiff is entitled to a total award of **$267,427.08** in liquidated damages.

Adding the arrears ($563,321) and liquidated damages ($267,427.08), Plaintiff is entitled to contract damages in the amount of **$830,748.08**.

Prejudgment Interest

Magistrate Judge Ellis properly concluded that New York law allows Plaintiff to recover prejudgment interest from December 31, 2012 to September 30, 2013 as the prevailing party in a breach of contract action. (*See* Report at 9); *see also Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (Summary Order) (citing N.Y. C.P.L.R. § 5001(a)) ("New York law expressly provides for the award of prejudgment interest in . . . breach of contract cases as a matter of right."). The statutory rate of interest is "nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004. Applying this rate,

---

[3] This number is based on: (i) three months' rent (October 1, 2013 through December 31, 2013) at a fixed rate of $46,758.60 per month and a CPI increase of $3,172.57 per month (in sum, $149,793.51), plus (ii) a prorated amount for nineteen days' worth of rent (January 1, 2014 through January 19, 2014), applying the same CPI adjustment (in sum, $30,602.98) prior to the start of the new lease on January 20, 2014. (*See* Pl.'s Mem. Ex. K.)

[4] This number is based on: (i) attorneys' fees (discounted at approximately forty percent, in accordance with the handwritten write-off) and expenses for services rendered up to January 20, 2014 ($1,709.55); (ii) discounted advertising invoices dated January 31, 2013 ($4,219.01), May 31, 2013 ($1,540.61), June 30, 2013 ($27,037.78), August 31, 2013 ($4,947), September 30, 2013 ($10,344.66), and October 31, 2013 ($7,870.10); (iii) a real estate broker's fee ($9,764.38); and (iv) a renovation invoice dated January 17, 2014 for work beginning January 16, 2014 ($19,597.50). (*See* Pl.'s Oct. 8, 2014 Letter, Ex. 3.) This Court does not consider the expenses from January 20, 2014 onward because they were not "incurred prior to the surrender" of the premises. *See Cutaia*, 637 N.Y.S.2d at 859.

[5] According to the lease agreement, the tenant "shall also pay [Plaintiff] as liquidated damages for the failure of [the t]enant to observe and perform . . . any deficiency between the rent hereby reserved and/or covenanted to be paid . . . . In computing such liquidated damages there shall be added to the said deficiency such expenses as [Plaintiff] may incur in connection with re-letting, such as legal expenses, attorneys' fees, brokerage, advertising and for keeping the demised premises in good order or for preparing the same for re-letting." (*See* Pl.'s Mem. Ex. A ¶ 18; *see also id.* Ex. E ¶¶ 9 & 11.)

Plaintiff is entitled to **$55,921.32**[6] in prejudgment interest.

Attorneys' Fees and Costs

Plaintiff seeks to recover $28,054.32 in attorneys' fees (Pl.'s Mem. Ex. M) and $350 in filing and service fees (*id.* at 9; *id.* Ex. L at 6). In accordance with the guaranty agreement, the Defendant is responsible for "all reasonable attorneys['] fees incurred by [Plaintiff] or caused by any such default and/or by the enforcement of this Guaranty." (*Id.* Ex. D at 1; *see also id.* Ex. F.)

To determine the attorneys' fees to which a prevailing party is entitled, a court must calculate each attorney's "presumptively reasonable fee," sometimes referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008). This figure is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).

In this case, Magistrate Judge Ellis properly concluded that the hourly billing rates charged by the attorneys were reasonable. (*See* Report at 11-12.) The two primary attorneys who worked on this matter are partners at the same law firm with over seventeen and forty-five years of experience, respectively. (*Id.*) The partners charge between $316 to $475 per hour. (*Id.*; *see* Pl.'s Mem. Ex. L.) The Report found that these rates are "in the mid-range" of acceptable billing rates approved in this district. (Report at 12); *see also Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, No. 03 Civ. 7735(LTS)(KNF), 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (finding "$530.00 per hour for a partner with more than thirty years of legal experience" and "$400.00 per hour for counsel with more than fifteen years of legal experience"

---

[6] The per diem interest rate is $204.84 ($830,748.08 x .09 ÷ 365). The prejudgment interest award of $55,921.32 is calculated by multiplying the per diem interest rate ($204.84) by 273 days, the number of days between December 31, 2012 and September 30, 2013.

to be reasonable hourly rates).

Magistrate Judge Ellis also recommended that a fifteen percent discount be applied to the attorneys' fees because the approximately sixty-four hours of work billed for this "relatively brief" litigation were excessive. (Report at 12-13.)   As described in the Report, this case was "uncontested," "not procedurally difficult," and required limited drafting of documents and appearances for conferences. (*Id.*) This Court agrees with Magistrate Judge Ellis's conclusion and applies the fifteen percent discount to the $28,054.32 amount requested by Plaintiff, which results in an award of **$23,846.17** in attorneys' fees. *See Antonmarchi*, 2012 WL 3126004, at *3 (citation and internal quotation marks omitted) ("In excluding requested hours, the Court may apply a reasonable percentage reduction as a practical shortcut to do so.").  This Court also agrees with the Report's finding that Plaintiff's filing and service fees of **$350** is a reasonable amount, and awards these costs to Plaintiff. (*See* Report at 13.)

Conclusion

Plaintiff is awarded **$886,669.40** in damages, which includes prejudgment interest at the statutory rate (nine percent per annum), and **$24,196.17** in attorneys' fees and costs.  The Clerk of the Court is directed to close this case.


Dated: July 31, 2015
    New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge